IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TABETHA-JENNIE HIGGINS, individually and on behalf of all others similarly situated, | : : : : | CIVIL ACTION NO. 1:17-CV-2581-WSD-JSA |
| Plaintiff, | : : | |
| v. | : : | |
| QUALITY RECOVERY SERVICES, INC., and John Does 1–25, | : : : | **NON-FINAL REPORT AND RECOMMENDATION ON A** |
| Defendants. | : | **MOTION TO DISMISS** |

The above-captioned action is before the Court on the Motion to Dismiss for

Failure to State a Claim [6] ("Motion to Dismiss") filed by Defendant Quality

Recovery Services, Inc. ("Defendant"). For the reasons discussed below, the

undersigned **RECOMMENDS** that Defendant's Motion to Dismiss [6] be **DENIED**.

## I.    BACKGROUND

Plaintiff Tabetha-Jennie Higgins ("Plaintiff") initiated this action by filing a

Class Action Complaint [1] ("Complaint") on July 10, 2017, asserting that Defendant

had violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692,

*et seq*. Defendant filed the Motion to Dismiss [6] on September 26, 2017. Plaintiff

filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss [8] ("Pl. Br.") on October 10, 2017.[1]

The following facts are taken from Plaintiffs' allegations in the Complaint [1] and the documents attached thereto, and are assumed to be true for the purpose of this discussion.

On or about January 5, 2017, Defendant caused to be delivered to Plaintiff a collection letter in an attempt to collect an alleged debt owed to Windrush Apartments. Compl. ¶ 31, Ex A. [1-1] (the "Collection Letter"). Windrush Apartments had contracted Defendant to collect this alleged debt. Compl. ¶ 30. The Collection Letter was the first communication between Defendant and Plaintiff regarding the alleged debt to Windrush Apartments. Compl. ¶ 32.

The Collection Letter stated that Plaintiff owed $3,473.36. Compl., Ex. A. The Letter stated, in relevant part:

> Please be advised that your account has been assigned to Quality Recovery Services, Inc. for collection. Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid.

---

[1]Plaintiff is advised to comply, going forward, with the font and point requirements of the Local Rules of this Court. *See* LR 5.1C, NDGa. Under Local Rule 7.1D, counsel filing briefs in support of or in response to a motion must certify that the brief has been prepared with one of the font and point selections approved by the court in Local Rule 5.1.

Compl. ¶ 37, Ex. A. Plaintiff received and read the Collection Letter sometime after January 5, 2017. Compl. ¶ 35. Plaintiff believed that the only legally effective way to dispute the debt was to do so in writing. Compl. ¶ 38.

In her Complaint, Plaintiff asserts two Counts for relief. In Count I, Plaintiff asserts that Defendant violated § 1692g of the FDCPA by failing accurately to convey the notice that Defendant was required to provide to Plaintiff under § 1692g(a). Compl ¶ 47. In Count II, which is mislabeled in the Complaint as a second "Count I," Plaintiff asserts that Defendant violated § 1692e of the FDCPA by making a false representation in connection with the collection of a debt, namely, that the only effective way Plaintiff could dispute the debt was to do so in writing. Compl. ¶¶ 51–52. Plaintiff brings this action individually and putatively on behalf of a class consisting of "a) All consumers who have an address in the state of Georgia b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt, d) that states 'Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.' e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action." Compl. ¶ 14.

Defendant moves to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. *See* Def. Mot. at 1.

## II.   DISCUSSION

### A.   *Standard on a Motion to Dismiss*

When evaluating a motion to dismiss under Rule 12(b)(6), the Court cannot consider matters outside of the pleadings, and must accept the allegations of the non-movant's pleadings as true, but "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Moreover, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

*Iqbal* went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted).

In this case, because Plaintiff attached the Collection Letter to the Complaint, it is considered part of the Complaint for all purposes. Fed. R. Civ. P. 10(c).

B.    *Defendant's Motion to Dismiss*

Defendant does not dispute the facts at issue in this case, nor does it otherwise dispute the applicability of the FDCPA to its Collection Letter,[2] at least for purposes of the Motion to Dismiss. *See* Def. Mot. at 4. The principal issue presented by Defendant's Motion to Dismiss is whether the inclusion of the words "in writing" in the above-quoted language from the Collection Letter violated 15 U.S.C. § 1692g(a)(3) and § 1692(e)(10). In short, Defendant argues that § 1692g(a)(3) impliedly requires a consumer's dispute of a debt to be "in writing" to be effective, and hence, the Collection Letter accurately conveyed the notice that Defendant was required to provide to Plaintiff under that subsection. *See* Def. Mot. at 9–10.

_____

[2]In other words, Defendant does not dispute, at least for purposes of the Motion to Dismiss, that it was a "debt collector" that sent, in the form of the Collection Letter, an "initial communication" to a "consumer," namely, Plaintiff, "in connection with the collection of [a] debt." *See* 15 U.S.C. § 1692g(a).

Secondarily, Defendant argues that Plaintiff's Complaint fails sufficiently to allege a violation of the FDCPA because Plaintiff does not allege that Defendant's wording in the Collection Letter was confusing to the "least sophisticated consumer." *See* Def. Br. at 10. Finally, Defendant also argues that, even if the Court disagrees with Defendant's interpretation of the § 1692g(a)(3), the Court should find that its application of the FDCPA applies only prospectively, and not to this case. *See* Def. Mot. at 11.

      1.      Whether § 1692g(a)(3) Contains a Writing Requirement

In Count I of her Complaint, Plaintiff contends that Defendant violated § 1692g of the FDCPA by failing to convey accurately the notice that Defendant was required to give Plaintiff under § 1692g(a)(3). Compl. ¶ 47. Plaintiff contends that Defendant, by adding the words "in writing" to this statement, added an additional requirement that is absent from the FDCPA. *See* Pl. Br. at 3–4. Section 1692g of the FDCPA provides, in relevant part:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
>    (1) the amount of the debt;
>
>    (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C.§ 1692g(a).

In Count II, Plaintiff contends that the notice in the Collection Letter violated § 1692e(10) by falsely stating that a dispute of her debt had to be "in writing." *See* Pl. Br. at 10; Compl. ¶ 52. Section 1692e of the FDCPA provides, in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

Courts "use a 'least-sophisticated consumer' standard to consider whether a debt collector's communications violate § 1692e, presuming that the 'least-sophisticated consumer' possesses a rudimentary amount of information about the

world and a willingness to read a collector's notice with some care." *Hepsen v. Resurgent Capital Srvcs., LP*, 383 F. App'x 877, 881 (11th Cir. 2010). This approach "protects debt collectors against liability for unreasonable misinterpretations of collection notices." *Colmon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993). The standard, then, is "whether a hypothetical least sophisticated consumer would be deceived or misled by the debt collector's practices." *Ferguson v. Credit Mgmt. Control, Inc*., 140 F. Supp. 2d 1293, 1298 (M.D. Fla. 2001).

The parties agree that there is no binding Eleventh Circuit precedent addressing whether a notice requiring a debtor's dispute of a debt to be in writing violates § 1692g(a)(3) of the FDCPA. *See* Def. Mot. at 5; Pl. Br. at 6. Defendant argues that this Court should adopt the persuasive reasoning found in *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991). In *Graziano*, the Third Circuit held that § 1692g(a)(3) of the FDCPA impliedly requires that a dispute under that subsection must be in writing to be effective. 950 F.2d at 112. In effect, Defendant argues that, because the statue requires a dispute under § 1692g(a)(3) to be in writing, the notice in its Collection Letter that included the words "in writing" was a valid notice under § 1692g and was not false or misleading. Both parties acknowledge, however, as has the Supreme Court, that a circuit split exists as to whether § 1692(a)(3) requires a dispute to be in writing to be effective. *See* Def. Mot. at 12; Pl. Br. at 7–8; *Jerman v.*

*Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 580 n.3 (2010) (acknowledging split). Plaintiff urges the Court to side with the Ninth, Second, and Fourth Circuits, which, disagreeing with *Graziano*, have held that § 1692g(a)(3) does not require a dispute to be in writing. *See Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082 (9th Cir. 2005); *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013); *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 491 (4th Cir. 2014). In *Camacho*, the Ninth Circuit specifically held that the defendant's "collection notice violated § 1692g insofar as it stated that disputes must be made in writing." 430 F.3d at 1082. Similarly, in *Hooks* and *Clark*, the Second and Fourth Circuits allowed plaintiffs' claims, which alleged that collection notices stating that disputes must be made "in writing" violate § 1692g, to survive motions to dismiss. *See Hooks*, 717 F.3d at 286; *Clark*, 741 F.3d at 491.

In *Graziano*, cited by Defendant, the Third Circuit determined that "given the entire structure of section 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing." 950 F.2d at 112. In that case, as in this case, a debt collector sent a notice to a debtor that stated that unless the debtor disputed the debt in writing within 30 days, the debt would be assumed valid. *See id.* at 109. The debtor sued the debt collector for, among other things, violating § 1692g(a)(3) by stating that his dispute was required to be in writing. *See id.* at

111–12. In assessing this claim, the Third Circuit compared subsection (a)(3), which does not expressly require a debtor's dispute to be in writing, to subsections (a)(4) and (a)(5), which do. *See id.* Specifically, subsection (a)(4) provides that if the debtor disputes the debt "in writing" within thirty days, the debt collector must obtain "verification" of the debt and send the debtor a copy of the verification. 15 U.S.C. § 1692g(a)(4). Subsection (a)(5), in turn, provides that if the debtor makes a "written request," the debt collector must provide the name and address of the original creditor. *Id.* § 1692g(a)(5). Furthermore, the Third Circuit noted, § 1692g(b) also refers to a "writing," providing that if the debtor disputes the debt "in writing" within thirty days, the debt collector must cease collection efforts until the debt collector has verified the debt. *Id.* § 1692g(b); *see Graziano*, 950 F.2d at 112.

Thus, in the Third Circuit's analysis, if subsection (a)(3) did not require the consumer to make his or her dispute in writing, that would "create a situation in which, upon the debtor's non-written dispute, the debt collector would be without any statutory ground for assuming that the debt was valid, but nevertheless would not be required to verify the debt or to advise the debtor of the identity of the original creditor and would be permitted to continue debt collection efforts." *Graziano*, 950 F.2d at 112. The court stated that it saw "no reason to attribute to Congress an intent to create so incoherent a system." *Id.* Furthermore, the court noted, "there are strong

reasons to prefer that a dispute of a debt collection be in writing: a writing creates a lasting record of the fact that the debt has been disputed, and thus avoids a source of potential conflicts." *Id.* Thus, the Third Circuit held that subsection (a)(3) contemplates that a dispute under (a)(3), just as in subsections (a)(4) and (a)(5), must be in writing to be effective. *Id.* Accordingly, debt collector's notice that used the words "in writing" in the applicable (a)(3) language was not invalid on that basis. *Id.*

Defendant cites a number of district court opinions that have found communications similar to the one in this case not to violate the FDCPA, and not to be confusing to the "least sophisticated consumer." *See* Def. Mot. at 8–9 (citing *Henhaffer v. Simeone & Raynor, LLC*, No. CV-15-8022, 2016 WL 6305939, at *3 (D.N.J. Oct. 27, 2016)*; Ingram v. Corporate Receivables, Inc.*, No. 02-C-6608, 2003 WL 21018650, at *6 (N.D. Ill. May 5, 2003); *Jolly v. Shapiro*, 237 F. Supp. 2d 888, 893–94 (N.D. Ill. 2002); *Castillo v. Carter*, No. 99-1757-CH/G, 2001 WL 238121, at *4 (S.D. Ind. Feb. 28, 2001); *Sturdevant v. Thomas E. Jolas, P.C.*, 942 F. Supp. 426, 428–29 (W.D. Wis. 1996). Defendant argues that the Court should adopt the reasoning of *Graziano* and these district courts, which have found that subsection (a)(3) impliedly contains a "writing" requirement, and hence, that the addition of the words "in writing" to the subsection (a)(3) language in a collection notice does not violate § 1692g.

Plaintiff argues that "the overwhelming weight of legal authority across the country," including in this district, have found that the inclusion of "in writing" requirement in a collection notice violates the FDCPA. Plaintiff cites principally to the Ninth Circuit's reasoning in *Camacho v. Bridgeport Fin. Inc.*, 430 F.3d 1078, 1082–83 (9th Cir. 2005). In *Camacho*, the Ninth Circuit began its analysis of § 1692g under the principles of statutory interpretation stated by the Supreme Court in *Lamie v. United States Trustee*, 540 U.S. 526 (2004). *See Camacho*, 430 F.3d at 1080. In *Lamie*, the Supreme Court stated that "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." 540 U.S. at 534. Thus, in reviewing a subsection of a bankruptcy statute that omitted a phrase found in other parts of the statute, the Supreme Court refused to read the missing phrase into the applicable subsection because the plain meaning of the statute without the missing phrase was not absurd. *Id.* at 535–37; *see Camacho*, 430 F.3d at 1080–81. The Ninth Circuit also cited the Supreme Court's guidance in *Russello v. United States*, 464 U.S. 16, 23 (1983) that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *See Camacho*, 430 F.3d at 1081.

Guided by those principles, the Ninth Circuit determined that the plain language of § 1692g(a)(3), which does not include a writing requirement, must be enforced: "If Congress had intended to impose a writing requirement in § 1692g(a)(3), it could have done so in the subsection itself, as it did in the later subsections of § 1692g(a)." *Camacho*, 430 F.3d at 1081. The court, disagreeing with the Third Circuit in *Graziano*, found that the plain language of subsection (a)(3) did not lead to absurd results or create an "incoherent" system. *See id.* (citing *Graziano*, 950 F.2d at 112). According to the Ninth Circuit, the Third Circuit failed to consider  rights that the FDCPA provides to debtors who orally dispute their debt's validity. *Id.* For example, oral dispute of a debt precludes the debt collector from communicating the debtor's credit information to others without including the fact that the debt is in dispute. *Id.* at 1082 (citing 15 U.S.C. § 1692e(8)). If a consumer owes multiple debts and makes a payment, the debt collector is prohibited from applying that payment to a debt that is in dispute. *Id.* (citing 15 U.S.C. § 1692h). Additionally, a debtor's oral communication to a debt collector entitles her to relief under § 1692c(a)(1), which prohibits communication with a debtor at "a time or place known or which should be known to be inconvenient to the consumer." *Id.* Thus, while the Ninth Circuit agreed that the Third Circuit's policy analysis was persuasive, it held that the statute's plain,

13

non-absurd language must be enforced, and hence, "there is no writing requirement implicit in § 1692g(a)(3)." *Id.*

Plaintiff argues that, as the Ninth Circuit outlined, the FDCPA provides one set of rights that a debtor can trigger by orally disputing her debt, and another more substantive set of rights that she can trigger with a written dispute. *See* Pl. Br. at 7. Plaintiff cites to *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013), in which the Second Circuit agreed with *Camacho*, for an explanation of the two tiers of rights that the FDCPA provides to debtors. *See* Pl. Br. at 7. In *Hooks*, the Second Circuit stated:

> [T]he rights defined by §§ 1692h and 1692e(8) place less of a burden on debt collectors than the rights defined by § 1692g(a)(4), (a)(5) and (b). Sections 1692g(a)(4) and (a)(5) call for affirmative steps on the part of the debt collector, and § 1692g(b) requires the debt collector to "cease collection of the debt" unless it complies with several conditions that relate to verifying the debt or judgment in question. . . . It therefore makes sense to require debtor consumers to take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b). This is certainly not the type of patently unreasonable policy that could cause us not to apply the straightforward language of the statute.

717 F.3d at 286.

In addition to *Camacho* and *Hooks*, and the Fourth Circuit's opinion in *Clark v. Absolute Collection Serv., Inc.*, 741 F.3d 487, 491 (4th Cir. 2014), Plaintiff cites a number of district court opinions, including many in this Circuit, that have agreed

with her interpretation of § 1692g(a)(3). *See Alderman v. GC Servs. Ltd. P'ship*, No. 2:16-CV-14508, 2017 WL 960362, at *2 (S.D. Fla. Mar. 13, 2017); *Kelly v. Dunlap & Shipman, P.A.*, No. 4:16CV709-RH/CAS, 2017 WL 528487, at *1 (N.D. Fla. Feb. 7, 2017); *Benitez-Muhammad v. Welling*, No. 8:15-CV-1537-T-24, 2015 WL 5521971, at *2 (M.D. Fla. Sept. 17, 2015); *Mello v. Walled Lake Credit Bureau, LLC*, No. 13-14226-CIV, 2013 WL 12077491, at *3 (S.D. Fla. Oct. 17, 2013); *In re Turner*, 436 B.R. 153, 157–58 (M.D. Ala. 2010); *Campbell v. Hall*, 624 F. Supp. 2d 991, 1000 (N.D. Ind. 2009); *Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273, 1276–77 (S.D. Fla. 2006). Additionally, as Plaintiff indicates, one court within this district has agreed with *Camacho*, finding that a subsection (a)(3) notice requiring the debtor to submit her dispute in writing violated § 1692g of the FDCPA by "making the least sophisticated consumer uncertain as to her rights." *See Guerrero v. Absolute Collection Service, Inc.*, No. 1:11-CV-2427-JEC-RGV, 2011 WL 8183860, at *4 (N.D. Ga. Oct. 6, 2011), *report and recommendation adopted*, (N.D. Ga. Nov. 4, 2011) (citation omitted). In *Guerrero*, the court specifically noted that the weight of authority from district courts supported the Ninth Circuit's reasoning in *Camacho*, and that there was no recent trend of support for the *Graziano* court's position. *Id.* (citation omitted).

Moreover, as Plaintiff points out, the Eleventh Circuit appears to have favorably cited the Second Circuit's reasoning in *Hooks* in dicta in a recent opinion. *See Bishop v. Ross Earle & Bonan, P.A.*, 817 F.3d 1268, 1274 (11th Cir. 2016) (citing *Hooks*, 717 F.3d at 286 ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b).")).

Upon review of the parties' briefs and the sources cited therein, the Court agrees with Plaintiff, and finds that she may state a claim for violations of § 1692g(a)(3) and § 1692e(10) on the basis of her allegations that Defendant's Collection Letter required her to dispute her debt "in writing," and that she was misled into believing that only a written dispute would be valid. The Court agrees with Plaintiff and the Ninth, Second, and Fourth Circuits that the plain language of § 1692g(a)(3) does not contain a requirement to dispute the debt in writing, and that, under the Supreme Court's approach to statutory interpretation stated in *Lamie*, when the plain language of a statute does not render the statute absurd, it must be enforced. *See* 540 U.S. at 534; *Camacho*, 430 F.3d at 1081. As the Ninth and Second Circuits explained, the plain language of the FDCPA grants a limited set of rights to debtors who dispute a debt only orally, and a more extensive set of rights to debtors who dispute their debt in writing. Thus, while the Third Circuit's policy reasoning is

logical, it is not for the courts to set policy. Rather the Court must enforce the plain language of the statute, which at a minimum is not absurd. Hence, as many courts have found, an allegation that a debt collector's subsection (a)(3) notice required a debtor to dispute her debt "in writing" states a claim for a violation of § 1692g. *See, e.g., Camacho*, 430 F.3d at 1082; *Guerrero*, 2011 WL 8183860, at *4; *Baez*, 442 F. Supp. 2d at 1277.

Moreover, as Plaintiff argues and as the *Guerrero* court observed, there is no recent trend in support of Defendant's interpretation of § 1692g, and the clear weight of authority supports Plaintiff's position. *See Guerrero*, 2011 WL 8183860, at *4. All but one of the district court opinions cited by Defendant pre-date the Ninth Circuit's 2005 opinion in *Camacho*, which was the first Circuit opinion to disagree with the Third Circuit's reasoning in *Graziano*. *See* Def. Mot. at 8–9. The one post-*Camacho* opinion that Defendant cites, a 2016 case from the District of New Jersey, is hardly persuasive authority, as that district is within the Third Circuit and the court simply stated that it was bound by *Graziano* without further analysis. *See Henhaffer v. Simeone & Raynor, LLC*, No. CV-15-8022, 2016 WL 6305939, at *3 (D.N.J. Oct. 27, 2016). Plaintiff cites a number of district court opinions decided after *Camacho* that agreed with the Ninth Circuit. The Second and Fourth Circuit's decisions in *Hooks* and *Clark* have only added to the trend in authority in support of Plaintiff's position.

The Court also finds that Plaintiff has alleged sufficient facts in support of her § 1692e(10) claim, in Count II of her Complaint, to survive Defendant's Motion to Dismiss. Plaintiff alleged that she, "as would any least sophisticated consumer, believed that the only legally effective way to dispute the debt was to do so in writing." Compl. ¶ 38. Taking this allegation as true, as the Court must on a defense motion to dismiss, Plaintiff states a claim that Defendant's notice would have been misleading or deceptive to the "least sophisticated consumer." *See Alderman v. GC Servs. Ltd. P'ship*, 2017 WL 960362, at *2 (S.D. Fla. Mar. 13, 2017); *Turner v. Shenandoah Legal Group, P.C.*, No. 3:06CV045, 2006 WL 1685698, at *8 (E.D. Va. Jun. 12, 2006).

### 2.    Whether Plaintiff Pleaded Sufficient Facts

In a second argument, Defendant attacks the sufficiency of Plaintiff's pleading, contending that Plaintiff has failed to plead that the Collection Letter was confusing to the "least sophisticated consumer." *See* Def. Mot. at 10. The Court does not agree. Plaintiff specifically pleaded that because of the Collection Letter, she, "as would any least sophisticated consumer," believed that she could only dispute her debt in writing. Compl. ¶ 38. It is certainly plausible that a relatively unsophisticated consumer would be misled by a notice indicating that a dispute must be in writing, into believing, erroneously, that a dispute must be in writing for all purposes under the statute.

18

Defendant does not acknowledge this allegation or articulate why it was insufficient in this case. The Court finds that it was not insufficient.

### 3.    Prospective Application

Defendant's final argument is that, if the Court agrees with Plaintiff's interpretation of § 1692g of the FDCPA, the Court should nevertheless find that this interpretation applies only prospectively, and not to this case.

Generally, the Count's interpretations of law are applied retroactively as well as prospectively. *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 544 (11th Cir. 2002) (en banc). However, the Supreme Court has approved the practice of prospective-only application of newly announced rules in civil cases in certain circumstances. *See Chevron Oil Co. v. Huson*, 404 U.S. 97, 105–09 (1971). In considering whether to apply a new rule of law prospectively only, a court must consider the following factors:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. . . . Second . . . [a court must look] to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. . . . [Third, a court must look to] the inequity imposed by retroactive application.

*Glazner v. Glazner*, 347 F.3d 1212, 1216 (11th Cir. 2003) (quoting *Chevron Oil*, 404 U.S. at 106–07).

Defendant states that a finding that § 1692g(a)(3) does not contain a "writing" requirement would be new law in this district. *See* Def. Mot. at 12. Defendant argues that, given the circuit split and disagreement among district courts over the proper interpretation of § 1692g(a)(3), it would be inequitable to apply the Plaintiff's interpretation of § 1692g(a)(3) to this case. *See id.*

Plaintiff, on the other hand, argues that her interpretation of § 1692g(a)(3) is not a "new rule," but rather, an application of the plain language of the statute. *See* Pl. Br. at 10–11. Plaintiff also argues that her interpretation of § 1692g(a)(3) would not be new law in this district, as a previous court in this district—*Guerrero*, discussed above—has already adopted Plaintiff's interpretation of the statute. *See* 2011 WL 8183860, at *4. Plaintiff cites opinions from the Southern District of Florida and the Second Circuit in which courts rejected arguments for prospective-only application of Plaintiff's interpretation of § 1692g(a)(3). In *Baez v. Wagner & Hunt, P.A.*, 442 F. Supp. 2d 1273, 1276–77 (S.D. Fla. 2006), the court stated that, because many courts had disagreed as to whether § 1692g(a)(3) contained a writing requirement, any interpretation that § 1692g(a)(3) did contain a writing requirement was not "well-settled law." In *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013), similarly, the court held that "prospective application is appropriate only where there has been justifiable reliance on some settled understanding of prior law."

Therefore, "given the absence of any settled rule that § 1692g(a)(3) included a writing requirement, [the defendant debt collector] cannot show the 'justifiable reliance' needed for prospective application. *Hooks*, 717 F.3d at 287.

Finally, Plaintiff notes that in *Hooks*, the Second Circuit stated that it would be particularly inappropriate to apply its holding only prospectively in light of the Supreme Court's decision in *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010), which held that the FDCPA does not provide a "good faith" defense for mistakes of law, *see Hooks*, 717 F.3d at 287, and a recent Third Circuit decision, *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 395 (3d Cir. 2017) that held that "debt collectors can't escape a district court's finding of FDCPA liability . . . by pointing to the persuasive authority they relied on at the time to justify their conduct." *See* Pl. Br. at 12.

The Court agrees with Plaintiff, and finds that Defendant has not shown that the Court's holding should apply only prospectively. Defendant's argument appears entirely to concern the third factor under *Chevron Oil*, inequity, leaving the first and second factors unaddressed. The Court does not believe that Defendant could justifiably have relied on one side of what was clearly a longstanding split in authority as to the interpretation of § 1692g(a)(3)—much less, the side which increasingly appears to be the minority interpretation. The Court's interpretation is not "new law"

in this district, nor is it new to district courts in the Eleventh Circuit. Moreover, the Court's interpretation of the statute at issue applies the plain language of the statute—a result Defendant can hardly protest to be inequitable or surprising. The Supreme Court's opinion in *Jerman* counsels strongly against prospective-only application, given that the Court, in *Jerman*, held that FDCPA defendants are not entitled to assert a defense of bona fide error under § 1692k(c) for mistakes of law. *See* 559 U.S. at 581. Prospective-only application of the plain meaning of § 1692g would entitle Defendant to a *de facto* "mistake of law" defense that *Jerman* has otherwise precluded for FDCPA defendants. In sum, retroactive application of the plain meaning of § 1692g does not "overrul[e] clear past precedent on which [Defendant] may have relied," *see Chevron Oil*, 404 U.S. at 106–07, and is not inequitable.

III.    **CONCLUSION AND RECOMMENDATION**

For the reasons discussed above, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss [6] be **DENIED**.

**IT IS SO RECOMMENDED** this 13th day of February, 2018.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE