# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TABETHA-JENNIE HIGGINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>QUALITY RECOVERY SERVICES, INC., and John Does 1-25,<br><br>Defendants. | 1:17-cv-2581-WSD-JSA |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [17] ("Non-Final R&R"). The Non-Final R&R recommends that the Court deny Defendant Quality Recovery Services, Inc.'s ("Defendant") Motion to Dismiss [6].

## I. BACKGROUND

### A. Facts[1]

On January 5, 2017, Defendant sent a letter to Plaintiff Tabetha-Jennie Higgins ("Plaintiff") to collect an alleged debt owed to Windrush Apartments. ([1] (Complaint) at ¶ 31, [1.1] (the "Collection Letter")). Windrush had contracted Defendant to collect this amount allegedly owed. ([1] at ¶ 30). The Collection Letter was the first communication between Defendant and Plaintiff regarding the amount owed to Windrush Apartments. ([1] at ¶ 32). The Collection Letter stated that Plaintiff owed $3,473.36 to Windrush. ([1.1]). The Collection Letter stated, in relevant part:

> Please be advised that your account has been assigned to Quality Recovery Services, Inc. for collection. Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid.

([1] at ¶ 37; [1.1]).

---

[1] The parties have not objected to the facts set out in the Non-Final R&R, and finding no plain error, the Court adopts them. For purposes of this Order, the Court takes the well-pleaded facts set forth in the Amended Complaint as true. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Duke v. Cleveland, 5 F.3d 1399, 1402 (11th Cir. 1993) ("We must take the complaint's allegations as true and read them in the light most favorable to the plaintiffs.") (citation omitted).

Plaintiff received and read the Collection Letter sometime after January 5, 2017. ([1] at ¶ 35). Plaintiff believed that the only legally effective way to dispute the debt was to do so in writing. ([1] at ¶ 38).

B.     Procedural History

Plaintiff filed this Class Action Complaint on July 10, 2017, asserting that Defendant had violated the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. §§ 1692, *et seq*. ([1]). Plaintiff asserts two Counts for relief. In Count I, Plaintiff asserts that Defendant violated § 1692g of the FDCPA by failing accurately to convey the notice that Defendant was required to provide to Plaintiff under § 1692g(a). ([1] at ¶ 47). In Count II, which is mislabeled in the Complaint as a second "Count I," Plaintiff asserts that Defendant violated § 1692e of the FDCPA by making a false representation in connection with the collection of a debt, namely, that the only effective way Plaintiff could dispute the debt was to do so in writing. ([1] at ¶¶ 51–52). Plaintiff brings this action individually and putatively on behalf of a class consisting of:

> a) All consumers who have an address in the state of Georgia b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt, d) that states 'Unless you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.' e) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

([1] at ¶ 14).

Defendant filed its Motion to Dismiss [6] on September 26, 2017. Plaintiff filed a Memorandum of Law in Opposition to Defendant's Motion to Dismiss [8] on October 10, 2017.

On February 13, 2018, the Magistrate Judge issued his Non-Final R&R. The Magistrate Judge first addressed whether § 1692g(a)(3) contains a writing requirement. The Magistrate Judge concluded that it did not. The Magistrate Judge found that Plaintiff may state a claim for violations of § 1692g(a)(3) and § 1692e(10) on the basis of her allegations that Defendant's Collection Letter required her to dispute her debt "in writing," and that she was misled into believing that only a written dispute would be valid. ([17] at 16).

The Magistrate Judge next considered whether Plaintiff failed to plead that the Collection Letter was confusing to the "least sophisticated consumer." ([17] at 18). The Magistrate judge concluded that Plaintiff specifically pleaded that because of the Collection Letter, she, "as would any least sophisticated consumer," believed that she could only dispute her debt in writing ([1] at ¶ 38) and this was sufficient to sustain a cause of action. ([17] at 19).

Finally, the Magistrate Judge rejected Defendant's argument that Plaintiff's interpretation of § 1692g of the FDCPA should apply only prospectively. ([17] at 19-22).

Defendant does not object to the Non-Final R&R.

## II. LEGAL STANDARDS

### A. Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). Where, as here, no party objects to the R&R, the Court conducts a plain error review of the record. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

### B. Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir. 2010). Although reasonable inferences are made in the plaintiff's favor,

5

"'unwarranted deductions of fact' are not admitted as true." Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)). Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Mere "labels and conclusions" are insufficient. Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). This requires more than the "mere possibility of misconduct." Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679). The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible." Id. at 1289 (quoting Twombly, 550 U.S. at 570).

## III. DISCUSSION

### A. Whether § 1692g(a)(3) Contains a Writing Requirement

Count I of Plaintiff's Complaint raises the issue of whether the Collection Letter improperly states that Plaintiff must notify Defendant "in writing" to dispute the validity of the debt. In relevant part § 1692g(a)(3) states:

> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

Count II raises the issue of whether the Collection Letter violates § 1692e(10) by falsely stating that a dispute of her debt had to be "in writing." Section 1692e of the FDCPA provides, in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e. Courts "use a 'least-sophisticated consumer' standard to consider whether a debt collector's communications violate § 1692e, presuming that the 'least sophisticated consumer' possesses a rudimentary amount of information about the world and a willingness to read a collector's notice with some care." Hepsen v. Resurgent Capital Srvcs., LP, 383 F. App'x 877, 881 (11th Cir. 2010).

The Magistrate Judge first noted that the parties agree there is no binding Eleventh Circuit precedent addressing whether a notice requiring a debtor's dispute of a debt to be in writing violates § 1692g(a)(3) of the FDCPA. The Magistrate Judge then analyzed the circuit split on this issue. In Graziano v. Harrison, 950 F.2d 107, 112 (3d Cir. 1991), the Third Circuit held that § 1692g(a)(3) of the FDCPA impliedly requires that a dispute under that subsection must be in writing

8

to be effective. 950 F.2d at 112. The Third Circuit reasoned that "given the entire structure of section 1692g, subsection (a)(3) must be read to require that a dispute, to be effective, must be in writing." Graziano, 950 F.2d at 112.

The Ninth, Second, and Fourth Circuits disagree with Graziano. See Camacho v. Bridgeport Fin. Inc., 430 F.3d 1078, 1082 (9th Cir. 2005); Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 286 (2d Cir. 2013); Clark v. Absolute Collection Serv., Inc., 741 F.3d 487, 491 (4th Cir. 2014). In Camacho, the Ninth Circuit specifically held that the defendant's "collection notice violated § 1692g insofar as it stated that disputes must be made in writing." 430 F.3d at 1082. The Ninth Circuit reasoned that "[i]f Congress had intended to impose a writing requirement in § 1692g(a)(3), it could have done so in the subsection itself, as it did in the later subsections of § 1692g(a)." Similarly, in Hooks and Clark, the Second and Fourth Circuits declined to dismiss plaintiffs' claims, which alleged that collection notices stating that disputes must be made "in writing" violated § 1692g. See Hooks, 717 F.3d at 286; Clark, 741 F.3d at 491.

The Magistrate Judge "agrees with Plaintiff and the Ninth, Second, and Fourth Circuits that the plain language of § 1692g(a)(3) does not contain a requirement to dispute the debt in writing, and that, under the Supreme Court's approach to statutory interpretation stated in Lamie, when the plain language of a

9

statute does not render the statute absurd, it must be enforced." ([17] at 16); see Lamie v. United States Trustee, 540 U.S. 526, 534 (2004); Camacho, 430 F.3d at 1081. The Magistrate Judge further found that "the Eleventh Circuit appears to have favorably cited the Second Circuit's reasoning in Hooks in dicta in a recent opinion." See Bishop v. Ross Earle & Bonan, P.A., 817 F.3d 1268, 1274 (11th Cir. 2016) (citing Hooks, 717 F.3d at 286 ("[C]onsumers [must] take the extra step of putting a dispute in writing before claiming the more burdensome set of rights defined in § 1692g(a)(4), (a)(5) and (b).")). After analyzing each of the circuit opinions and considering the weight of the authority, the Magistrate Judge determined that Plaintiff may state a claim for violations of § 1692g(a)(3) and § 1692e(10) on the basis of her allegations that Defendant's Collection Letter required her to dispute her debt "in writing," and that she was misled into believing that only a written dispute would be valid. ([17] at 16).

The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

B. Whether Plaintiff Pleaded Sufficient Facts

The Magistrate Judge also disagreed with Defendant's argument that Plaintiff failed to plead that the Collection Letter was confusing to the "least sophisticated consumer." ([17] at 18). The Magistrate Judge found that Plaintiff "specifically pleaded that because of the Collection Letter, she, 'as would any least

sophisticated consumer,' believed that she could only dispute her debt in writing." ([17] at 18, citing [1] at ¶ 38). The Magistrate Judge found that "[i]t is certainly plausible that a relatively unsophisticated consumer would be misled by a notice indicating that a dispute must be in writing, into believing, erroneously, that a dispute must be in writing for all purposes under the statute." ([17] at 18). The Court finds no plain error in these findings. See Slay, 714 F.2d at 1095.

C. Prospective Application

The Magistrate Judge rejected Defendant's argument that the Court's interpretation of § 1692g should only apply prospectively. ([17] at 19-22). In considering whether to apply a new rule of law prospectively only, a court must consider the following factors:

> First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied or by deciding an issue of first impression whose resolution was not clearly foreshadowed. . . . Second . . . [a court must look] to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation. . . . [Third, a court must look to] the inequity imposed by retroactive application.

Glazner v. Glazner, 347 F.3d 1212, 1216 (11th Cir. 2003) (quoting Chevron Oil Co. v. Huson, 404 U.S. 97, 106–07 (1971)).

The Magistrate Judge concluded that "Defendant's argument appears entirely to concern the third factor under Chevron Oil, inequity," and that

11

"Defendant could [not] justifiably have relied on one side of what was clearly a longstanding split in authority as to the interpretation of § 1692g(a)(3)—much less, the side which increasingly appears to be the minority interpretation." ([17] at 21). The Magistrate noted that the "Court's interpretation of the statute at issue applies the plain language of the statute—a result Defendant can hardly protest to be inequitable or surprising." ([17] at 22). The Magistrate Judge concluded that the Court's interpretation of § 1692g does not apply only prospectively and recommended that Defendant's Motion to Dismiss be denied. The Court finds no plain error in these findings or recommendation. See Slay, 714 F.2d at 1095.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Non-Final Report and Recommendation [17] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Quality Recovery Services, Inc.'s Motion to Dismiss [6] is **DENIED**.

**SO ORDERED** this 26th day of April, 2018.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE